**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 10-2068

BRYAN E. GREENE; JORDON M. GREENE; TODD MEISTER,

Plaintiff – Appellants,

and

BRADLEY D. SMITH,

Intervenor – Appellant,

v.

GARY O. BARTLETT, Director NCBOE; LARRY LEAKE; CHARLES WINFREE; ROBERT CORDLE; ANITA S. EARLS; BILL W. PEASLEE,

Defendants – Appellees.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Graham C. Mullen, Senior District Judge. (5:08-cv-00088-GCM)

Argued: September 22, 2011          Decided: October 13, 2011

Before TRAXLER, Chief Judge, KEENAN, Circuit Judge, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Robert Milton Bastress, Jr., Morgantown, West Virginia, for Appellants. Alexander McClure Peters, NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North Carolina, for Appellees. **ON BRIEF:** Jason E. Huber, CHARLOTTE SCHOOL OF LAW, Charlotte, North Carolina, for Appellants. Roy Cooper, Attorney General, Susan K. Nichols, Special Deputy Attorney General, NORTH

CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

On August 6, 2008, Bryan Greene, Jordon Greene, and Todd Meister brought this 42 U.S.C. § 1983 action against the five members of the North Carolina Board of Elections and the executive director of the North Carolina Board of Elections alleging that North Carolina General Statute § 163-122(a)(2) violated the First Amendment of the United States Constitution, because § 163-122(a)(2) severely burdens the ability of independent candidates for the United States House of Representatives to qualify for appearance on the general ballot. In their complaint, the plaintiffs also alleged that § 163-122(a)(2) violated the Equal Protection Clause of the Fourteenth Amendment. On July 15, 2010, Bradley Smith successively intervened in the action, alleging the same claims as the original plaintiffs.

In the district court, both the plaintiffs (including the intervenor) and the defendants sought summary judgment. The district court granted the defendants' motion, concluding that § 163-122(a)(2), which requires, among other things, a candidate who wishes his or her name to appear on the ballot as an independent candidate for the United States House of Representatives or any other district office to obtain petitions signed by 4% of the registered voters in their respective district, was not unconstitutional. According to the district

3

court, § 163-122(a)(2) was not unconstitutional under the First Amendment, primarily because the Supreme Court of the United States has upheld a more restrictive ballot access percentage requirement. See Jenness v. Fortson, 403 U.S. 431, 438-39 (1971) (upholding Georgia statute requiring signatures of 5% of registered voters before independent candidate could be placed on ballot). The district court was also persuaded by two additional uncontroverted facts. First, one independent candidate for the United States House of Representatives obtained access to the 2010 ballot by meeting the 4% requirement. Second, since 1992, over eighty candidates for other district offices had met the 4% requirement.

The district court also rejected the equal protection claim raised by the plaintiffs (and intervenor). According to the district court, § 163-122(a)(2) did not run afoul of the Equal Protection Clause of the Fourteenth Amendment, because the plaintiffs and the intervenor did not demonstrate that unaffiliated candidates for the United States House of Representatives were similarly situated to unaffiliated candidates for statewide office or to new political parties.

Having reviewed the briefs, the joint appendix, and the applicable law, and having had the benefit of oral argument, we agree with the district court that the First Amendment claim fails because there is no meaningful way in which to distinguish

4

<u>Jenness</u>. Moreover, as the district court observed, the constitutionality of § 163-122(a)(2) under the First Amendment is further supported by the two uncontroverted facts set forth above. We also agree that the equal protection claim founders, because the plaintiffs and the intervenor did not demonstrate that unaffiliated candidates for the United States House of Representatives were similarly situated to unaffiliated candidates for statewide office or to new political parties. Accordingly, like the district court, we conclude that § 163-122(a)(2) does not run afoul of either the First Amendment or the Equal Protection Clause of the Fourteenth Amendment. The judgment of the district court is affirmed.

<u>AFFIRMED</u>